IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

|  |  |
|---|---|
| ALEX N. MORALES-VÉLEZ, Petitioner, v. UNITED STATES OF AMERICA, Respondent. | CIV. NO. 19-1999 (SCC) |

**OPINION AND ORDER**

Alex Morales-Vélez has filed a timely[1] petition under 28 U.S.C. § 2255, asking the Court to vacate his sentence because (1) his counsel ineffectively assisted him and (2) the record does not show that the sentencing judge knew that he could consider the mandatory minimum under 18 U.S.C. § 924(c) when crafting his sentence for the predicate offense—*i.e.*, the rule of *Dean v. United States*, 137 S. Ct. 1170 (2017).

---

1. A § 2255 petition is timely if it is filed within one year of "the date on which the judgment of conviction becomes final." § 2255(f)(1). The U.S. Supreme Court denied Morales-Vélez's petition for writ of certiorari on October 1, 2018. *Morales-Vélez v. United States*, 139 S. Ct. 170 (2018). He mailed his § 2255 petition on September 27, 2019. Docket No. 1-2. So it is timely. *See Rossetti v. United States*, 773 F.3d 322, 332 (1st Cir. 2014) ("[His] judgment of conviction . . . became final . . . the day on which his petition for certiorari was denied."); *Morales-Rivera v. United States*, 184 F.3d 109, 111 (1st Cir. 1999) (applying mailbox rule to § 2255 petitions).

# I.

Morales-Vélez pleaded guilty to two counts pursuant to a plea agreement: (1) conspiracy to possess with intent to distribute a controlled substance, 21 U.S.C. § 846 (count one); and (2) using and carrying a firearm in relation to a drug-trafficking offense, 18 U.S.C. § 924(c) (count six). Plea Agreement, United States v. Cardona-Vicenty, No. 14-284 (D.P.R. Aug. 28, 2014). The agreement provided that the total-offense level for count one was 33 and that the United States would recommend a sentence at the lower end of the Guidelines range for that offense level. *Id.* at 5. Before sentencing, the U.S. Sentencing Commission issued Guideline Amendment 782. This amendment reduced the base-offense level for count one by two levels. So after the amendment, his total-offense level was 31. Before the amendment, his sentencing range for count one was 188 to 235 months but afterwards it was 151 to 188 months.

At sentencing, the judge stated that the "new drug table" (*i.e.*, the base-offense levels post-Amendment 782)

applied to Morales-Vélez. Sentencing Transcript at 15, United States v. Cardona-Vicenty, No. 14-284 (D.P.R. Sept. 28, 2016). He then said that his sentencing range for count one was 151 to 188 months' imprisonment. The United States recommended a sentence of 188 months' imprisonment, and his counsel did not object. The judge sentenced him to 171 months' imprisonment on the first count.

Morales-Vélez appealed, arguing that the United States had breached the plea agreement by recommending 188 months' imprisonment—a low-end Guidelines sentence pre-Amendment 782 but a high-end one post-Amendment 782. The First Circuit affirmed because there had been "no breach, especially on plain error review." Judgment, United States v. Morales-Vélez, No. 15-1134 (1st Cir. Apr. 6, 2018). For the United States had agreed to recommend a low-end Guidelines sentence for offense level 33, and it did.

## II.

Morales-Vélez claims that his counsel was ineffective because she failed to object when the United States

"recommended a sentence of 188 months," in "clear breach of the plea agreement." Docket No. 1-1, pg. 12. This failure, he argues, prejudiced him because it forced him to surmount plain-error review, which he was unable to do. *Id.* To prove an ineffective-assistance claim, Morales-Vélez must show "(1) that 'counsel's performance was deficient,' meaning that 'counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment'; and (2) 'that the deficient performance prejudiced the defense.'" *Rossetti v. United States*, 773 F.3d 322, 327 (1st Cir. 2014) (quoting *United States v. Valerio*, 676 F.3d 237, 246 (1st Cir. 2012)). Prejudice exists where there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984).

      Morales-Vélez's ineffective-assistance claim is fatally flawed because it is premised on an idea that the First Circuit has already rejected—*i.e.*, the United States breached the plea agreement. Collateral review is not an opportunity to

relitigate issues that were resolved on direct review. *Singleton v. United States*, 26 F.3d 233, 240 (1st Cir. 1994) ("[I]ssues disposed of in a prior appeal will not be reviewed again by way of a 28 U.S.C. § 2255 motion." (quoting *United States v. Dirring*, 370 F.2d 862, 864 (1st Cir. 1967))); *Tracy v. United States*, 739 F.2d 679, 682 (1st Cir. 1984) (same). On direct review, he argued that the United States had breached the plea agreement. The First Circuit disagreed, stating that it saw no breach, let alone a plain one. Because there was no breach, his counsel did not err by failing to object, *United States v. Porter*, 924 F.2d 395, 397 (1st Cir. 1991) (Breyer, J.) ("Counsel need not make meritless arguments."), and this failure does not prejudice him, *United States v. Caggiano*, 899 F.2d 99, 102 (1st Cir. 1990) (stating if a "claim is meritless," there is "no prejudice" from failing to raise it). Thus, his ineffective-assistance claim fails.

### III.

Morales-Vélez contends next that the Court should vacate his sentence because the record does not show that the

sentencing judge knew that he could consider the mandatory minimum that he would serve under § 924(c) when crafting his sentence for the predicate offense. Docket No. 1-1, pg. 23. In *Dean v. United States*, 137 S. Ct. 1170 (2017), the U.S. Supreme Court held that the sentencing judge may "consider[] a mandatory minimum under § 924(c) when calculating an appropriate sentence for the predicate offense," *id.* at 1171. In other words, the sentencing judge may consider the fact that the defendant will be serving what may be a lengthy sentence under § 924(c) when weighing the 18 U.S.C. § 3553(a) factors in crafting the sentence for the predicate offense.

      The problem with Morales-Vélez's claim is that he has not shown that any error occurred: He wants the Court to vacate his sentence to make sure the sentencing judge "was aware" that he could consider the mandatory minimum that he would serve under § 924(c) when deciding an appropriate sentence for count one. Docket No. 1-1, pg. 23. But, unlike in *Dean*, nothing in the record suggests that the sentencing judge

thought that he had to blind himself to the § 924(c) mandatory minimum that he would serve for count six when crafting his sentence for count one. To the contrary, the judge here considered that "the aggregate of adding the firearms to the drugs" amounted to a "heavy sentence" and sentenced him beneath the United States' recommendation and within the post-Amendment 782 Guidelines range. Sentencing Transcript at 16, United States v. Cardona-Vicenty, No. 14-284 (D.P.R. Sept. 28, 2016). In short, nothing in the record suggests that an error occurred, so there is no need for resentencing in light of *Dean*. *See United States v. Stain*, No. 17-16707, 2021 WL 3523500, at *2 (9th Cir. Aug. 11, 2021) (unpublished) (declining to vacate for resentencing in light of *Dean* where "nothing in the record . . . suggests that the district court thought that it lacked discretion to consider the mandatory sentences imposed by [petitioner]'s § 924(c) convictions when imposing sentences for his other convictions").

In any event, *Dean* does not apply retroactively on collateral review. *Worman v. Entzel*, 953 F.3d 1004, 1010–11

(7th Cir. 2020). In *Teague v. Lane*, 489 U.S. 288 (1989), the U.S. Supreme Court held that a new rule applies retroactively on collateral review if it places "primary, private individual conduct" beyond "the power of the criminal law-making authority to proscribe" or amounts to a watershed rule of criminal procedure, *id.* at 311, 316. Recently, however, the Court eliminated the second *Teague* exception for procedural rules. *Edwards v. Vannoy*, 141 S. Ct. 1547, 1560 (2021) ("New procedural rules do not apply retroactively on federal collateral review. The watershed exception is moribund."). So *Dean*'s rule only applies retroactively if it falls within the first *Teague* exception for substantive rules: rules that "alter[] the range of conduct or the class of persons that the law punishes." *Schiro v. Summerlin*, 542 U.S. 348, 353 (2004).

  Assuming that *Dean* announced a new rule, it is not substantive and, thus, does not apply retroactively on collateral review. *Dean*'s rule is not substantive because it speaks to the sentencing judge's discretion in crafting a sentence—it does not affect the scope of a criminal statute.

*Worman*, 953 F.3d at 1010. Because *Dean*'s rule is procedural and new procedural rules do not apply retroactively on collateral review, *Dean* provides no basis to vacate his sentence.

### IV.

In sum, the Court **DENIES** Morales-Vélez's § 2255 petition (Docket No. 1). We **DENY** him a certificate of appealability as well because he has not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). But he may ask the First Circuit to issue him one. FED. R. APP. P. 22(b)(1).

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 31st day of March 2022.

S/ SILVIA CARREÑO-COLL
UNITED STATES DISTRICT COURT JUDGE